Arturo PEREZ GONZALEZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–71757.
Agency No. A95–391–050.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 17, 2005.

Alexander H. Lubarsky, Esq., Community Legal Centers, San Mateo, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Julia Doig Wilcox, Arthur L. Rabin, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM**

Arturo Perez–Gonzalez, a native and citizen of Mexico, petitions for review ot the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Board of Immigration Appeals' summary affirmance without opinion of an immigration judge's denial of his application for cancellation of removal.

Petitioner contends that his due process rights were violated by inadequate translation at his hearing before the immigration judge. Petitioner also contends the IJ erred in denying his application for cancellation of removal based on the determinations that petitioner failed to establish good moral character, or exceptional and extremely unusual hardship to a qualifying United States citizen relative.

 Petitioner failed to raise his procedural due process claim of translation problems before the BIA, and we lack jurisdiction to consider a claim where a petitioner has failed to exhaust his available administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir. 2004). We also lack jurisdiction to consider petitioner's challenge to the IJ's extreme hardship determination, because it was a discretionary, nonreviewable determination. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). Finally, we also lack jurisdiction to review the IJ's discretionary determinations of moral character, but we do have jurisdiction to determine whether petitioner falls into a per se category of bad moral category, defined at 8 U.S.C. § 1101(f). *Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir. 2005); *Gomez -Lopez v. Ashcroft,* 393 F.3d 882, 884 (9th Cir.2005). We conclude that petitioner did not fall into a per se category, and therefore, we lack jurisdiction to review the IJ's discretionary determination that petitioner lacked good moral character.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

PETITION FOR REVIEW DISMISSED.