**Lazaro MARTINEZ–FABELA; Minerva Guerrero–Cervantes, Petitioners,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–74499.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted on Nov. 16, 2005.

Decided Nov. 30, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 34(c)(2).

Brian D. Lerner, Esq., Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG and WARDLAW, Circuit Judges, and SINGLETON,** District Judge.

## MEMORANDUM ***

Lazaro Martinez–Fabela and his wife, Minerva Guerrero–Cervantes, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen following the BIA's summary affirmance of the immigration judge's ("IJ") denial of their applications for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations, Castillo–Perez v. INS, 212 F.3d 518, 523 (9th Cir.2000), and for abuse of discretion denials of a motion to reopen, de Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion when it denied petitioners' motion to reopen as untimely because the motion was filed almost six months after the 90–day time limit had expired. See 8 C.F.R. § 1003.2(c)(2) (requiring a motion to reopen to be filed within 90 days). Even if we were to accept petitioners' equitable tolling argument, because they received actual notice of the BIA's decision on April 15, 2003, their motion was still untimely as it was not filed until August 6, 2003, well after the 90–day time limit.

■ We lack jurisdiction to review petitioners' contention that the BIA should have exercised its sua sponte power to reopen their case. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002). We also lack jurisdiction to review a denial of voluntary departure. See Gomez–Lopez v. Ashcroft, 393 F.3d 882, 883–84 (9th Cir. 2005).

■ Petitioners' contentions that they received ineffective assistance of counsel because they did not receive notice from their former attorney of the BIA's summary affirmance, and that equitable tolling therefore applies, are unpersuasive. It is undisputed that the former attorney attempted to notify them of the BIA's decision by sending it by certified mail to the address that just a month earlier petitioners had told the attorney was correct. Petitioners concede that they have not complied with the requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). Further, they raised the issue of ineffective assistance only in their reply brief. See Martinez–Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996) (stating that it is "well established" that petitioners cannot raise a new issue for the first time in their reply brief).

■ The BIA did not violate petitioners' due process rights. It is undisputed that the BIA mailed its decision to petitioners' attorney of record, that he received it, and that petitioners failed to inform the BIA of their change of address. Further, the record shows that the IJ told petitioners that they were required to inform the agency if they changed their address and that he gave them the change of address form.

■ We lack jurisdiction to consider petitioners' remaining contentions because

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

they arise from the agency's underlying decision to deny cancellation of removal. Petitioners failed to seek review of that decision within the 30–day time limit prescribed by 8 U.S.C. § 1252(b)(1). *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that time limit for filing petition for review is mandatory and jurisdictional).

DENIED in part, DISMISSED in part.