**Sali BREGAJ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75977.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian Blender, Esq., Boise, ID, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, MOH–District Counsel, Office of the Deputy Chief Counsel, Department of Homeland Security, Helena, MT, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Robert M. Butler, U.S. Attorney Office, Cedar Rapids, IA, for Respondent.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM \*\*

Sali Bregaj, his wife, Mjaftime Bregaj, and their daughter, Nertila Bregaj, natives and citizens of Albania, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and dismiss in part, and deny in part, the petition for review.

We lack jurisdiction over petitioners' due process contention because they did not exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). If the due process claim was exhausted, however, petitioners still fail to show that any mistranslation affected the outcome of their case. *See Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002).

Substantial evidence supports the IJ's decision that petitioners failed to establish past persecution or a well-founded fear of future persecution. Because petitioners were never arrested, detained, harmed, or threatened, and there is no evidence of persecution, their asylum claim fails. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006) (holding that three-day detention and beating did not compel finding of past persecution); *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000).

■ Because petitioners failed to establish eligibility for asylum, it follows that they failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Substantial evidence also supports the IJ's denial of CAT relief because petitioners failed to show that it was more likely than not that they will be tortured if returned to Albania. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

■ To the extent that petitioners challenge the denial of voluntary departure, this court lacks jurisdiction to review the denial. *See Gomez–Lopez v. Ashcroft,* 393 F.3d 882, 884 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**