MATTER OF PIROGLU

In Deportation Proceedings

A-20599693

*Decided by Board November 26, 1980*

(1) Section 101(f)(7) of the Immigration and Nationality Act, 8 U.S.C. 1101(f)(7), precludes a person from establishing good moral character if he was confined, as a result of conviction, to a penal institution for an aggregate period of 180 days or more, regardless of whether the offense for which he was confined was committed within the period for which good moral character must be shown.

(2) The respondent, whose prison term resulted from a violation of probation rather than from an original sentence to incarceration, is nevertheless barred from establishing good moral character on the basis of his confinement and is, therefore, statutorily ineligible for voluntary departure.

CHARGE:
Order:   Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—
            remained longer than authorized

ON BEHALF OF RESPONDENT:
David Carliner, Esquire
931 Investment Building
1511 K Street, N.W.
Washington, D.C. 20005

ON BEHALF OF SERVICE:
Gerald Hurwitz
Appellate Trial Attorney

Ernest H. Hupp
Trial Attorney

BY:   Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated April 3, 1978, the immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), as a nonimmigrant who remained longer than permitted, and denied his application for voluntary departure. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a 31-year-old native and citizen of Turkey who entered the United States in 1973 as a nonimmigrant visitor for pleasure.[1] The record reflects that he was married to a United States

---

[1] The respondent's Arrival-Departure Record (Form I-94) states that the respondent entered the United States on March 19, 1973, whereas the Order to Show Cause alleges

citizen from whom he is now divorced. It further indicates that the respondent is the father of a United States citizen child born to a woman other than his wife while he was married. At oral argument, counsel for the respondent stated that the respondent has now married the mother of his child.

Included in the record is a record of conviction in the General District Court of Arlington County, Virginia, which indicates that the respondent was found guilty of discharging a firearm in public and was fined $25 plus costs on September 2, 1975. The record also contains a Judgment and Probation/Commitment Order from the United States District Court for the District of Maryland, dated June 13, 1977, which orders that a fine previously imposed on the respondent for a second conviction be suspended, that probation be terminated, and that he serve 9 months in prison.

At deportation proceedings, the respondent conceded deportability[2] and requested voluntary departure. The immigration judge denied the respondent's application for relief from deportation on the ground that the respondent was statutorily ineligible as being precluded under section 101(f)(2) of the Act, 8 U.S.C. 1101(f)(2), from establishing good moral character because of his adultery. He further stated that he would deny voluntary departure as a matter of discretion since the respondent admitted that he had been convicted twice and that he had insufficient funds to return to Turkey.

At oral argument, counsel for the respondent argued that the immigration judge erred in finding that the respondent was statutorily ineligible for voluntary departure because he was not, in fact, guilty of committing adultery. It was further asserted that the immigration judge's ruling on discretionary grounds was also in error.

After responding to these arguments, the Appellate Trial Attorney noted that the respondent had been confined in a penal institution for more than 180 days as a result of conviction. He, therefore, argued that the respondent was precluded from establishing good moral character by section 101(f)(7) of the Act. On rebuttal, counsel for the respondent contended that since the re spondent was only required to serve time in prison because of his inability to pay a fine, it would be unfair to penalize him for his poverty.

Our review of the record confirms that the respondent did, in fact, admit to having served 9 months in prison. He stated that he was originally sentenced to a fine and a period of probation, but was unable

that his entry was made on April 19, 1973.

[2] Although deportability was conceded at the hearing, the respondent challenged the immigration judge's finding on his Notice of Appeal (Form I-290A). However, at oral argument, counsel for the respondent stated that the question of deportability was not contested on appeal.

to pay the fine and, being afraid to tell the court, violated his probation. Section 101(f)(7) of the Act provides as follows:

(f) For the purposes of this Act—No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—
(7) one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of 180 days or more, regardless of whether the offense, or offenses, for which he has been confined were committed within or without such period.

The language of the statute is clear that confinement for the prescribed period resulting from a conviction bars a finding of good moral character. It makes no exception for a prison term resulting from violation of probation rather than from an original sentence to incarceration.[3] Absent a showing that Congress intended to make such a distinction, we are unwilling to so limit the statutory mandate that persons within its scope should be barred from establishing good moral character. Moreover, we have previously noted that the rationale behind the statute was that a person who has served a jail term of a specified length is not worthy of special exemptions from the penalties of the immigration laws. *See Matter of B—*, 7 I&N Dec. 405 (BIA 1957). We, therefore, conclude that the respondent is precluded by section 101(f)(7) from establishing good moral character, which renders him ineligible for voluntary departure.

Inasmuch as the respondent is statutorily ineligible for voluntary departure under section 101(f)(7) of the Act, we need not reach the issue of his ineligibility based on his alleged adultery. Accordingly, the appeal will be dismissed.

**ORDER.** The appeal is dismissed.

---

[3] In *Matter of Gantus-Bobadilla*, 13 I&N Dec. 777 (BIA 1971), we found that a sentence to probation without incarceration did not bar a finding of good moral character under section 101(f)(7) of the Act. That case is distinguishable from the instant case in that the respondent there was never actually confined as required by the statute.