**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FLORIBERTO EUDOXIO GOMEZ-LOPEZ,
*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,
*Respondent.*

No. 03-70142

Agency No.
A76-355-983

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 3, 2004*
Pasadena, California

Filed December 15, 2004
Opinion Withdrawn and Amended Opinion Filed
January 3, 2005

Before: A. Wallace Tashima, Raymond C. Fisher, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tashima

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

**COUNSEL**

Martin Zaehringer, Ventura, California, for the petitioner.

Luis E. Perez, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

## ORDER

The opinion filed December 15, 2004, slip op. at 16977, is withdrawn and is replaced by the amended opinion filed concurrently with this order.

## OPINION

TASHIMA, Circuit Judge:

Floriberto Eudoxio Gomez-Lopez ("Gomez"), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of the Immigration Judge ("IJ"). The sole issue raised in his petition is whether his incarceration in a county jail constitutes confinement in a penal institution for purposes of the Immigration and Nationality Act ("INA") — specifically, 8 U.S.C. § 1101(f). The IJ denied Gomez's application for cancellation of removal and voluntary departure because his conviction and incarceration for vehicular manslaughter precluded a finding that he is a person of good moral character under the INA.[1] We conclude that incarceration in a county jail does constitute confinement in a penal institution within the meaning of the INA and therefore deny the petition.

## JURISDICTION

We generally have jurisdiction over a petition for review pursuant to 8 U.S.C. § 1252. We agree, however, with the Immigration and Naturalization Service ("INS")[2] that we lack

---

[1]The IJ also denied Gomez's application for adjustment of status because Gomez did not establish that a visa number was immediately available to him. Gomez does not challenge this decision.

[2]The INS has been abolished and its functions transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2142 (2002), 6 U.S.C. §§ 101-557. For simplicity's sake, we will refer to the government agency as the INS.

jurisdiction over the IJ's denial of Gomez's application for voluntary departure. 8 U.S.C. § 1229c(f) provides that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b) of this section, nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure." We do not have jurisdiction to review the denial of voluntary departure. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Moreover "the scope of our review in a cancellation of removal case is limited." *Lagandaon v. Ashcroft*, 383 F.3d 983, 986 (9th Cir. 2004). 8 U.S.C. § 1252(a)(2)(B) prohibits judicial review of "any judgment regarding the granting of relief under section . . . 1229b," the section governing cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). Nonetheless, judicial review is precluded only with respect to decisions that constitute an exercise of the Attorney General's discretion. *Lagandaon*, 383 F.3d at 986; *see also Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1005 (9th Cir. 2003) (stating that, under 8 U.S.C. § 1252(a)(2)(B)(i), "we lack jurisdiction to review discretionary decisions in the cancellation of removal context").

A determination that an alien lacks good moral character that is based upon a finding that the applicant falls into one of the "per se exclusion categories" of 8 U.S.C. § 1101(f), such as the finding here that Gomez was confined in a penal institution for the requisite amount of time, is not a discretionary decision and therefore does not strip this court of jurisdiction to review a denial of cancellation of removal. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003). Furthermore, the question of whether a county jail is a penal institution "turns solely upon statutory interpretation" and "entails no exercise of discretion." *Lagandaon*, 383 F.3d at 986-87. We conclude that we have jurisdiction to review Gomez's challenge to the IJ's denial of his application for cancellation of removal.

## BACKGROUND

Gomez entered the United States without being admitted or paroled after inspection in March 1988. In January 1999, Gomez pled guilty in Ventura County Superior Court to one count of vehicular manslaughter while under the influence of alcohol, in violation of California Penal Code § 192(c)(3). He was ordered to serve 365 days in the Ventura County Jail, beginning on March 10, 1999. The INS then filed a Notice to Appear, charging Gomez with removability as an alien present in the United States without being admitted or paroled.

At a hearing before the IJ, Gomez conceded removability and designated Mexico as the country to which he wished to be removed. In a later hearing, he sought a continuance in order to apply for cancellation of removal, pursuant to INA § 240A, 8 U.S.C. § 1229b.

The IJ found that Gomez was statutorily ineligible for cancellation of removal because of his incarceration following his conviction for a period of over 180 days. The IJ also found that Gomez could not establish good moral character in order to obtain voluntary departure because of his conviction. Finally, the IJ found that Gomez could not establish eligibility for adjustment of status because he could not establish that a visa number was immediately available to him. The BIA affirmed the decision without opinion, pursuant to 8 C.F.R. § 3.1(e) (2002).

## STANDARD OF REVIEW

Where the BIA affirms the decision of the IJ without opinion, we review the IJ's decision. *Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 815 (9th Cir. 2004). Purely legal questions about the meaning of immigration laws are reviewed de novo. *Lagandaon*, 383 F.3d at 987.

## DISCUSSION

**[1]** Section 240A(b) of the INA, 8 U.S.C. § 1229b(b), permits the Attorney General to cancel the removal of a deportable alien if the alien (a) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (b) has been a person of good moral character during such period; (c) has not been convicted of certain offenses; and (d) establishes that removal would result in extreme hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. 8 U.S.C. § 1229b(b)(1). The IJ concluded that Gomez was statutorily ineligible for cancellation of removal pursuant to 8 U.S.C. § 1101(f), which provides:

> No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more.

8 U.S.C. § 1101(f)(7).

Gomez's sole argument in this petition is that his incarceration in a county jail does not constitute confinement in a "penal institution" for purposes of § 1101(f). His only authority for this proposition is 42 U.S.C. § 259, which was repealed in October 2000.**[3]**

---

**[3]**Prior to its repeal, § 259 provided for the transfer of federal prisoners who were drug addicts to Public Health Service hospitals from any "penal, correctional, disciplinary, or reformatory institution of the United States," including federal prisoners "confined in State and Territorial prisons, penitentiaries, and reformatories. . . ." 42 U.S.C. § 259(a) (repealed 2000). County jails were not listed in former § 259(a).

**[2]** In attempting to determine the meaning of a statute, "we look first to the plain meaning . . . and give effect to that meaning where fairly possible." *Lagandaon*, 383 F.3d at 987. It is self-evident that Gomez's incarceration in county jail following a vehicular manslaughter conviction constitutes "confine[ment], as a result of conviction, to a penal institution," within the meaning of § 1101(f)(7). 8 U.S.C. § 1101(f)(7); *see, e.g.*, *Rivera-Zurita v. INS*, 946 F.2d 118, 121 & nn. 3 & 4 (10th Cir. 1991) (assuming, without explanation, that the petitioner's placement in the custody of the county sheriff, as well as his thirty-day confinement in jail, counted as confinement to a penal institution for purposes of § 1101(f)(7)); *Matter of Valdovinos*, 18 I. & N. Dec. 343, 344 (BIA 1982) (assuming that the alien's incarceration in county jail constituted confinement to a penal institution for purposes of § 1101(f)(7)). There is no indication in the statute that Congress intended to exclude from the purview of the statute confinement in a county jail or other local detention center. The requirement that the confinement be as a result of a conviction precludes counting any time a person may have spent in pretrial detention. Thus, the plain meaning of the statute is that confinement in any facility — whether federal, state, or local — as a result of conviction, for the requisite period of time, falls within the meaning of § 1101(f)(7).[4] We therefore con-

---

Besides the fact that this statute has been repealed, it was located in a part of the United States Code dealing with the Public Health Service, in Chapter 6A, Subchapter II, Part E, of Title 42, which is entitled "Narcotic Addicts and Other Drug Abusers," and does not concern immigration law.

[4]This interpretation is consistent with decisions of the BIA in which the Board interpreted § 1101(f)(7) to include penal institutions that are not state or federal prisons. *See Valdovinos*, 18 I. & N. Dec. at 345 (assuming that the alien's incarceration in county jail constituted confinement in a penal institution and finding that a county minimum security area with a work furlough facility was a penal institution); *Matter of Piroglu*, 17 I. & N. Dec. 578, 580 (BIA 1980) (stating that "the rationale behind [8 U.S.C. § 1101(f)(7)] was that a person who has served a *jail* term of a specified length is not worthy of special exemptions from the penalties of the immigration laws") (emphasis added).

clude that Gomez's incarceration in a county jail constitutes confinement to a penal institution for purposes of § 1101(f)(7).

## CONCLUSION

[3] We do not have jurisdiction to review the IJ's denial of Gomez's application for voluntary departure. We agree with the IJ that Gomez is statutorily ineligible for cancellation of removal pursuant to 8 U.S.C. § 1101(f)(7). The petition for review accordingly is

**DISMISSED in part and DENIED in part.**