**Sergio GAONA–ALCANTAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73758.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Oct. 24, 2005.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Edward C. Durant, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FRIEDMAN,** O'SCANNLAIN, and PAEZ, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

MEMORANDUM ***

Sergio Gaona–Alcantar, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his application for cancellation of removal and request for voluntary departure. We lack jurisdiction to review these discretionary decisions. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003); *Gomez–Lopez v. Ashcroft,* 393 F.3d 882, 883–884 (9th Cir.2005). Moreover, we lack jurisdiction to review discretionary decisions that are simply recast in due process language. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir. 2001).

Gaona–Alcantar contends that we have jurisdiction over the IJ's denial of his application for cancellation of removal and request for voluntary departure. The IJ's decision whether Gaona–Alcantar demonstrated that his removal would result in "exceptional and extremely unusual hardship" to his United States citizen children is an enumerated discretionary determination under 8 U.S.C. § 1252(a)(2)(B)(i), and is therefore unreviewable. *Romero–Torres,* 327 F.3d at 888. Similarly, IIRIRA eliminated judicial review of the IJ's denial of voluntary departure. *See Gomez–Lopez v. Ashcroft,* 393 F.3d 882, 883–884 (9th Cir.2005).

Gaona–Alcantar also argues that the IJ's adverse rulings violated his due process rights. Gaona–Alcantar's constitutional arguments, however, are nothing more than a challenge to the merits of the IJ's rulings, recast in due process lan-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

guage. When viewed in this light, it is clear that these assertions do not raise colorable due process claims. We therefore lack jurisdiction to review them. *See Torres–Aguilar,* 246 F.3d at 1271 (9th Cir. 2001). Accordingly, the petition for review is dismissed.

DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.