**Irene Pagdilao HILL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70142.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Dec. 8, 2005.

Eduardo O. Zabanal, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief

Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioner Irene Hill, a native of the Philippines and citizen of Canada, petitions for review of the Board of Immigration Appeals' affirmance of an order of removal. The Immigration Judge (IJ) found Petitioner removable under 8 U.S.C. § 1227(a)(1)(D)(i) for having entered into a qualifying marriage that was not bona fide under 8 U.S.C. § 1186a. We deny the petition.

■ Petitioner alleges that nine due process violations occurred in connection with her removal proceedings. This court lacks jurisdiction to hear seven of these claims. The eighth claim alleges facts that do not rise to the level of a due process violation. The ninth fails to show that Petitioner was prejudiced by the alleged due process violation. As to the first seven claims, six are procedural in nature and were not exhausted before the Board of Immigration Appeals. *See Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir.2002). The seventh claim involves a challenge to the IJ's discretionary denial of voluntary departure, which is unreviewable by this court. *See Gomez–Lopez v. Ashcroft*, 393 F.3d 882, 883–84 (9th Cir.2005).

■ Petitioner's eighth claim is that her due process rights were violated because the IJ was biased against her, as evidenced by the IJ's remark, "So why didn't you just go back to Canada?" This remark does not rise to the level of a due process violation. *See* 8 U.S.C. § 1229a(b)(1) (authorizing IJs to "interrogate, examine, and cross-examine the alien and any witnesses"); *see also Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003) (holding that an IJ's aggressive and harsh questioning of a petitioner does not rise to the level of a due process violation).

Petitioner's ninth claim alleges that the IJ erred in failing to terminate proceedings upon learning that the INS violated its own rules when it neglected to send Petitioner a written notice of its intent to deny her I–751 Petition. This claim also fails. The record indicates that Petitioner was able to offer evidence and witnesses before the IJ, that all seven exhibits and witnesses were admitted or testified, and that the IJ considered both the evidence before the INS District Director and new evidence offered by Petitioner in support of her claim of a bona fide marriage. In light of this evidence, Petitioner has not established that she was prejudiced. In short, all of Petitioner's due process claims fail.

■ Furthermore, substantial evidence supports the IJ's finding that Petitioner's marriage was not bona fide. This court reviews an IJ's factual finding that a marriage is a sham under "the highly deferential substantial evidence standard. Under this standard, [this court] must affirm unless the evidence is so compelling that no reasonable fact-finder could fail to find the facts were as [Petitioner] alleged." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir.2005) (internal punctuation and citation omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

reasonable adjudicator would be compelled to conclude to the contrary. . . ."). A qualifying marriage is "a sham if the bride and groom did not intend to establish a life together at the time they were married. . . . Conduct of the parties after marriage is relevant only to the extent that it bears upon their subjective state of mind at the time they were married." *Bark v. I.N.S.*, 511 F.2d 1200, 1201–02 (9th Cir.1975) (citation omitted). The IJ found that the marriage was a sham. Testimony revealed that Petitioner seemed to barely know her husband. Petitioner's limited documentary evidence tended to support, rather than refute, the IJ's finding. Given the totality of the evidence adduced, we cannot conclude that a reasonable factfinder would be compelled to conclude that Petitioner's marriage was bona fide.

**PETITION FOR REVIEW DENIED.**