Jonny KALSI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70302.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Hardeep Singh Rai, Tsz–Hai Huang, George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jonny Kalsi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") order pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. Because the BIA reviewed the IJ's decision de novo and did not expressly adopt the IJ's decision, our review is limited to the BIA's decision. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). We review for substantial evidence the BIA's factual determinations regarding eligibility for relief. *See Ramos–Vasquez v. INS,* 57 F.3d 857, 861 (9th Cir.1995). We dismiss in part, grant in part and deny in part the petition for review, and remand for further proceedings.

We lack jurisdiction to review the BIA's determination that Kalsi failed to file a timely asylum application and that no extraordinary circumstances excused the untimely filing of his application. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1222 (9th Cir.2005).

We also lack jurisdiction to review the agency's denial of petitioner's application for voluntary departure. *See Gomez–Lopez v. Ashcroft,* 393 F.3d 882, 883–84 (9th Cir.2005); 8 U.S.C. § 1229c(f).

Substantial evidence does not support the BIA's finding that Kalsi failed to sustain his burden of proving eligibility for withholding of removal. Because the BIA declined to adopt the IJ's adverse credibility determination, we accept Kalsi's testimony as true. *See Kataria v. INS,* 232 F.3d 1107, 1113 (9th Cir.2000) ("we must accept an applicant's testimony as true in the absence of an explicit adverse credibility finding"). The BIA erred by failing to consider whether Kalsi's credible testimony established past persecution. *See Smolniakova v. Gonzales,* 422 F.3d 1037, 1051 (9th Cir.2005) (if a petitioner demonstrates past persecution, he is entitled to a rebuttable presumption of eligibility for withholding of removal).

Accordingly, we remand to the BIA for further proceedings to determine whether Kalsi has met his burden of showing past persecution and, if so, whether the govern-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ment has rebutted the presumption of eligibility for withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Kalsi's CAT claim fails because the record does not compel a finding that the mistreatment he suffered rises to the level of torture. *See Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir.2002) (finding acts of abuse to constitute persecution but not torture).

**PETITION FOR REVIEW DISMISSED as to petitioner's applications for asylum and voluntary departure; GRANTED as to petitioner's application for withholding of removal; DENIED as to petitioner's application for CAT relief; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.