Melchor ARAUJO–VACA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75915.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

* The panel unanimously finds this case suitable

Samuel Ogbu, Esq., Emeziem & Ogbu, LLP, Emeryville, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Jeffrey J. Bernstein, Esq.,

Surell Brady, Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Melchor Araujo–Vaca, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's order pretermitting his application for cancellation of removal on the ground that he was statutorily precluded from demonstrating good moral character. We have jurisdiction to review, and we review for substantial evidence the agency's factual findings concerning whether an applicant falls into one of the per se exclusion categories of 8 U.S.C. § 1101(f). *See Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the BIA's determination that Araujo–Vaca gave false testimony to obtain an immigration benefit when he testified he had not left the United States since he entered in March 1990. *See* 8 U.S.C. § 1101(f)(6) (explaining that no person "who has given false testimony for the purpose of obtaining" an immigration benefit shall be found to be a person of good moral character). Although Araujo–Vaca tried to explain his signatures on the 1991 and 1993 birth certificates, and the October 2000 reentry date on an employment authorization form

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

he completed, the evidence does not compel a contrary result. *See Monjaraz–Munoz v. INS,* 327 F.3d 892, 895 (9th Cir. 2003).

 We lack jurisdiction to review the agency's denial of voluntary departure, and therefore dismiss the petition to the extent it challenges that determination. *See Gomez–Lopez v. Ashcroft,* 393 F.3d 882, 883–84 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.