Michael Ileto **CHUA,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 05–72575.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Dominic E. Capeci, Esq., Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Ethan B. Kanter, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM**

Michael Ileto Chua, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision ordering Chua removed and denying his request for voluntary departure. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence the agency's finding of removability, *see Lopez–Chavez v. INS,* 259 F.3d 1176, 1180 (9th Cir.2001), and review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's determination that Chua was removable as charged. Chua testified that he was a native and citizen of the Philippines and that he had no legal permission to be in the United States. Contrary to Chua's contentions, Chua's own testimony estab-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lished alienage, thereby shifting the burden to Chua to prove the time, place, and manner of entry into the United States. Because he offered no such evidence, the record supports the IJ's decision. *See Lopez–Chavez,* 259 F.3d at 1181.

Chua's contention that the IJ improperly admitted evidence and thereby violated due process is unavailing. The admission of Exhibit 2 was probative of the manner in which Chua entered the United States and its admission was fundamentally fair where Chua's counsel was given time to review the document and was able to question Chua regarding the contents of the document. *See Espinoza v. INS,* 45 F.3d 308, 310 (9th Cir.1995) (explaining that in immigration proceedings the sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair).

We lack jurisdiction to review the IJ's discretionary denial of voluntary departure. *See Gomez–Lopez v. Ashcroft,* 393 F.3d 882, 884 (9th Cir.2005); *see also Ramadan v. Gonzales,* 479 F.3d 646, 654 (9th Cir.2007) (explaining that the REAL ID Act does not restore jurisdiction over discretionary determinations).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.