**Jose Moises Gomez GUERRA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73541.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2008 *.

Filed Feb. 20, 2008.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable   for decision without oral argument. See Fed.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith Fax, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Petitioner Jose Moises Gomez Guerra ("Gomez Guerra") petitions for review of the Board of Immigration Appeals's ("BIA") streamlined affirmance of his final order of removal. After conceding removability, Gomez Guerra filed an application for cancellation of removal. The Immigration Judge ("IJ") denied his application, finding him ineligible because of a prior conviction for violating a protection order. *See* 8 U.S.C. § 1227(a)(2)(E)(ii) (an alien who has been convicted of violating a protection order is deportable); *id.* § 1229b(b)(1)(C) (an admitted alien is not eligible for cancellation of removal if that alien has been convicted of an offense under § 1227(a)(2)). Alternatively, the IJ concluded that even if Gomez Guerra was eligible for this form of relief, he had failed to show the requisite good moral character. *See id.* § 1229b(b)(1)(B); *id.* § 1101(f) ("The fact that any person is not within any of the [per se categories of exclusion] shall not preclude a finding that for other reasons such person is or was not of good moral character."). The BIA summarily affirmed.

R.App. P. 34(a)(2).

We have jurisdiction to review whether Gomez Guerra is eligible for cancellation of removal, *see* 8 U.S.C. § 1252(a)(1), (a)(2)(D); however, we do not have jurisdiction to review the IJ's discretionary judgment that Gomez Guerra failed to show good moral character. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003) (quoting 8 U.S.C. § 1252(a)(2)(B)); *see also Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir.2005) ("Although we lack jurisdiction to review discretionary determinations of moral character, we have jurisdiction to determine whether a petitioner's conduct falls within a per se exclusion category, an issue that relates to eligibility for cancellation."); *Gomez–Lopez v. Ashcroft,* 393 F.3d 882, 884 (9th Cir.2005) (holding that the court retained jurisdiction over one of the per se exclusions); *Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir.1997) ("Apart from the per se categories ... whether an alien has good moral character is an inquiry appropriate for the Attorney General's discretion."). Because it is impossible to discern whether the BIA affirmed the IJ on a ground over which we have jurisdiction, we must grant the petition and remand back to the agency for clarification. *See Lanza v. Ashcroft,* 389 F.3d 917, 919–20 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.