**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECILIA ESTELA SANTILLAN DEL MAGDELANO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 06-70355<br><br>Agency No. A077-213-572<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Cecilia Estela Santillan Del Magdelano, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for cancellation of removal, asylum and withholding of removal. We

have jurisdiction under 8 U.S.C. § 1252. We review de novo legal questions and

for substantial evidence factual findings. *Mohammed v. Gonzales*, 400 F.3d 785,

791-92 (9th Cir. 2005). We deny in part and grant in part the petition for review.

The IJ denied Del Magelano's application for cancellation of removal on

statutory grounds, and the BIA agreed, concluding that Del Magelano was

"precluded" from demonstrating good moral character under 8 U.S.C. § 1101(f)

due to her false claim to U.S. citizenship at the border. We have jurisdiction to

review that conclusion. *See Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir.

2005). The government's contention that the moral character finding was based on

agency discretion is not supported.

The agency's good moral character conclusion is in error because 8 U.S.C.

§ 1101(f) does not create a statutory bar on the basis of a false claim to citizenship.

The section's only mention of false citizenship claims describes a certain context in

which they may not form the basis for an adverse moral character determination.

*See* 8 U.S.C. § 1101(f). We note that Del Magdelano presented a false birth

certificate at the border; she was not found to have given false testimony. *Cf.* 8

U.S.C. § 1101(f)(6); *see also Ramos v. INS,* 246 F.3d 1264, 1266 (9th Cir. 2001)

("For a witness's false testimony to preclude a finding of good moral character, the

testimony must have been made orally and under oath...”). We therefore remand for the agency to consider Del Magdelano's application for cancellation of removal.

The BIA's determination that Del Magdelano failed to establish eligibility for asylum is supported by substantial evidence. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995). Because she failed to establish that she was eligible for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1031 (9th Cir. 2000).

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED**.