**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEJANDRO GARCIA-ANDRADE,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-74443

Agency No. A091-857-082

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued May 6, 2008
Submitted September 8, 2010
Pasadena, California

Before: FISHER and PAEZ, Circuit Judges, and ROBART, District Judge.[**]

Petitioner Alejandro Garcia-Andrade, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' (BIA's) order affirming

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

the Immigration Judge's (IJ's) denial of his applications for cancellation of removal and voluntary departure.

At his hearing before the IJ, Garcia-Andrade admitted that he had one expunged drug conviction but then invoked his right to remain silent after the IJ noted that the government might ask him about other drug use that could preclude him from qualifying for relief. The IJ subsequently denied relief. The BIA dismissed Garcia-Andrade's appeal, explaining that Garcia-Andrade bore the burden to prove his eligibility for relief and that he could not "meet his burden of proof by remaining silent."

In support of its decision, the BIA did not cite any authority establishing that a petitioner's silence per se precludes him from demonstrating his eligibility for relief. Rather, the BIA only cited authority noting that "an adverse inference may indeed be drawn from a respondent's silence in deportation proceedings" in some instances. *Matter of Guevara*, 20 I. & N. Dec. 238, 241 (BIA 1991). We have not found, and the government has not cited, any authority establishing that documentary evidence alone can never satisfy an alien's burden to establish his eligibility for cancellation of removal or voluntary departure.

In light of this dearth of authority and the BIA's cryptic citation, we recognize that the BIA's decision can also be understood as denying relief on the

2

ground that Garcia-Andrade's limited testimony, along with the documentary evidence that he submitted, failed to establish that he satisfied one or more of the eligibility criteria for cancellation of removal or voluntary departure. We have jurisdiction to review whether a petitioner has satisfied some eligibility criteria, but not others. *Compare Morales v. Gonzales*, 478 F.3d 972, 978 (9th Cir. 2007) (holding that we have jurisdiction to review whether a criminal conviction falls within a particular statutory category); *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir. 2004) (holding that we have jurisdiction to review a BIA determination of continuous presence); *and Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir. 2004) (holding that we retain jurisdiction to review whether an alien per se lacks good moral character under 8 U.S.C. § 1101(f)), *with Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003) (holding that the "'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction"); *and Kalaw v. INS*, 133 F.3d 1147, 1151 (9th Cir. 1997) (holding that we lack jurisdiction to review discretionary determinations that an alien lacks good moral character). Because the BIA did not specify which eligibility criteria Garcia-Andrade failed to establish, it is unclear whether we have jurisdiction to review its decision. Where, as here, it is unclear whether the BIA based its decision on

3

reviewable grounds, unreviewable grounds, or both, we must remand for the agency to clarify that basis of its decision. *See Lanza v. Ashcroft*, 389 F.3d 917, 932 (9th Cir. 2004). We must remand without first deciding the reviewable grounds because, were we to reverse the BIA's ruling, our decision would become an unconstitutional advisory opinion if the BIA subsequently clarified that it denied relief on an unreviewable ground. *See id.* at 929–30.

We note, however, that remand for clarification would not be necessary or efficient if it were clear that we would affirm the BIA's decision on the reviewable ground. Such a disposition would not be advisory, and remanding in those circumstances would waste agency resources. Here, however, it is far from clear that we would affirm. First, as noted, it is unclear that a petitioner's silence can per se preclude him from establishing eligibility for relief.

Second, it is not clear that the BIA could have properly denied relief on the reviewable ground that Garcia-Andrade per se lacked good moral character under 8 U.S.C. § 1101(f). Although a petitioner generally bears the burden to establish his eligibility for relief, 8 C.F.R. § 1240.8(d) suggests that a petitioner has the burden to prove that "grounds for mandatory denial of the application for relief" do not apply *only if* "the evidence indicates that one or more" such grounds may apply. Because § 1101(f)'s command that certain categories of aliens shall be found to

4

lack good moral character may constitute such a "ground[] for mandatory denial of the application of relief," a petitioner may not have the burden to prove that he falls outside those categories unless and until the evidence indicates that he might fall within one of them. Here, it is unclear whether the evidence suggests that any § 1101(f) category might apply to Garcia-Andrade. Although the BIA could certainly draw an adverse inference from Garcia-Andrade's silence, *see United States v. Solano-Godines*, 120 F.3d 957, 962 (9th Cir. 1997), it is not clear that Garcia-Andrade's silence could support the inference that he fell within a per se exclusion category, the most relevant one of which covers only persons "convicted of, or who *admit*[] having committed, or who *admit*[] committing acts which constitute the essential elements of" a controlled substance offense, rather than persons who *committed* a controlled substances crime. 8 U.S.C. § 1182(a)(2)(A)(i) (emphasis added); *see id.* § 1101(f) (referring to aliens described in 8 U.S.C. § 1182(a)(2)(A)).

In light of these uncertainties, it is unclear whether we would affirm the BIA's decision on these reviewable grounds. We accordingly remand for the BIA to clarify the basis of its decision.

**PETITION FOR REVIEW GRANTED; REMANDED.**