
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE FRANCISCO BALLESTEROS RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73120 <br><br> Agency No. A088-223-976 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2013[**]
San Francisco, California

Before: SCHROEDER and MURGUIA, Circuit Judges, and MCNAMEE, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen M. McNamee, Senior District Judge for the
U.S. District Court for the District of Arizona, sitting by designation.

Petitioner Jose Francisco Ballesteros Rodriguez, a native and citizen of Mexico, petitions for review of the dismissal of his appeal by the Board of Immigration Appeals ("BIA"). The Immigration Judge ("IJ") denied his application for cancellation of removal, finding that Ballesteros Rodriguez furnished false testimony in order to obtain a benefit under the Immigration and Nationality Act ("INA") and, pursuant to 8 U.S.C. § 1101(f)(6), lacked good moral character. The BIA similarly concluded that Ballesteros Rodriguez failed to demonstrate good moral character and rejected his contention that he timely and voluntarily recanted his false testimony. We have jurisdiction pursuant to 8 U.S.C. § 1252 to review nondiscretionary determinations of statutory ineligibility, *Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir. 2005), and review for substantial evidence the agency's factual findings regarding whether an applicant falls into one of the per se categories set forth in 8 U.S.C. § 1101(f), *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747 (9th Cir. 2007). We deny the petition for review.

Substantial evidence supports the agency's determination that Ballesteros Rodriguez furnished false testimony under oath in order to obtain a benefit under the INA and, in accordance with 8 U.S.C. § 1101(f)(6), is ineligible for cancellation of removal because he lacks good moral character. Ballesteros Rodriguez testified at his August 2009 removal hearing that, due to an injury, he

was unemployed for a two-year period during which he received disability compensation. When his hearing resumed in December 2009, Ballesteros Rodriguez produced employment records demonstrating that he was employed under an alias during the two-year period in question. When questioned by the IJ about the inconsistencies between his August 2009 testimony and employment records, Ballesteros Rodriguez acknowledged that he testified untruthfully, explaining that he "did not want to report that [he] had worked during those years because [he] thought it was going to affect [him]." Ballesteros Rodriguez then lied about the year he suffered his injury, fearing the IJ's discovery that he worked while collecting disability benefits would adversely affect his cancellation of removal application.

Ballesteros Rodriguez contends that 8 U.S.C. § 1101(f)(6) does not render him ineligible for cancellation of removal because he timely and voluntarily recanted his false testimony. As we explained in *Valadez-Munos v. Holder*, "when a person supposedly recants only when confronted with evidence of his prevarication, the amelioration is not available." 623 F.3d 1304, 1310 (9th Cir. 2010). Such is the case here: Ballesteros Rodriguez made no voluntary effort to recant his false testimony and was forthcoming about his deception only after the IJ confronted him. Accordingly, substantial evidence supports the agency's

3

determination that Ballesteros Rodriguez neither timely nor voluntarily recanted his false testimony.

**PETITION FOR REVIEW DENIED.**

4