**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO GARCIA-GARCIA, | No. 13-70572 |
| Petitioner, | Agency No. A098-787-517 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:      ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Guillermo Garcia-Garcia, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's decision denying his applications for

cancellation of removal and voluntary departure.  Our jurisdiction is governed by

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence factual determinations. *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747 (9th Cir. 2007).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Garcia-Garcia failed to demonstrate the good moral character necessary to qualify for cancellation of removal because, under our binding precedent, his admission to having paid money to smuggle his wife into the United States in 2008 prevents him from demonstrating good moral character.  *See Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009) (en banc) ("[A]lien smugglers are one of the classes of persons that cannot be found to have good moral character for the purposes of cancellation of removal . . . .").  Garcia-Garcia has identified no basis for revisiting this precedent at this time.  *See Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (holding that a three-judge panel "may reexamine normally controlling circuit precedent" only "where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority").

We lack jurisdiction to review the BIA's denial of voluntary departure.  *See Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**