**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILVIA RIOS-SANABIA, | No. 19-70172 |
| Petitioner, | Agency No. A095-707-551 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Silvia Rios-Sanabia, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law.  *Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 885 (9th Cir. 2005).  We deny the petition for review.

The BIA did not err in concluding that Rios-Sanabia is statutorily ineligible for cancellation of removal based on her 2006 conviction under California Penal Code ("CPC") 470b.  *See* 8 U.S.C. §§ 1227(a)(2)(A)(i) (setting out the requirements for a crime involving moral turpitude to constitute a deportable offense); 1229b(b)(1)(C) (listing convictions that limit eligibility for cancellation of removal).  Rios-Sanabia's contention that her conviction is no longer disqualifying for cancellation of removal purposes under an amendment to CPC § 18.5 is foreclosed by *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1089 (9th Cir. 2021) (holding that "California's amendment to § 18.5 of the [CPC], which retroactively reduces the maximum misdemeanor sentence to 364 days for purposes of state law, cannot be applied retroactively for purposes of § 1227(a)(2)(A)(i).").  Thus, Rios-Sanabia's cancellation of removal claim fails.

To the extent that Rios-Sanabia raises for the first time in her opening brief an ineffective assistance of counsel claim, we lack jurisdiction to consider it.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (indicating that ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

19-70172

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**