NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALBERTO OLMOS-ALCARAZ,<br><br>                    Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.    18-73307<br><br>Agency No. A200-952-747<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Luis Alberto Olmos-Alcaraz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

questions of law. *Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 885 (9th Cir. 2005). We deny the petition for review.

In his opening brief, Olmos-Alcaraz does not challenge the BIA's determination that he waived any argument concerning the length of his residence in the United States at the time he committed the offense of identity theft. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not err in concluding that Olmos-Alcaraz is statutorily ineligible for cancellation of removal based on his 2010 conviction for identity theft under California Penal Code ("CPC") § 530.5(c)(1). *See* 8 U.S.C. §§ 1227(a)(2)(A)(i) (setting out the requirements for a crime involving moral turpitude to constitute a deportable offense); 1229b(b)(1)(C) (listing convictions that limit eligibility for cancellation of removal). Olmos-Alcaraz's contention that his conviction is no longer disqualifying for cancellation of removal purposes under an amendment to CPC § 18.5 is foreclosed by *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1089 (9th Cir. 2021) (holding that "California's amendment to § 18.5 of the [CPC], which retroactively reduces the maximum misdemeanor sentence to 364 days for purposes of state law, cannot be applied retroactively for purposes of § 1227(a)(2)(A)(i)"). Thus, Olmos-Alcaraz's cancellation of removal claim fails.

18-73307

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

18-73307