**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDUARDO RODRIGUEZ-GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-71080

Agency No. A200-950-903

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:   SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Eduardo Rodriguez-Guzman, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for cancellation of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law. *Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 885 (9th Cir. 2005). We deny the petition for review.

The BIA did not err in concluding that Rodriguez-Guzman is statutorily ineligible for cancellation of removal based on his 2001 conviction for assault with a deadly weapon under California Penal Code ("CPC") § 245(a)(1). *See* 8 U.S.C. §§ 1227(a)(2)(A)(i) (setting out the requirements for a crime involving moral turpitude to constitute a deportable offense), 1229b(b)(1)(C) (listing convictions that limit eligibility for cancellation of removal). Rodriguez-Guzman's contention that his conviction is no longer disqualifying for cancellation of removal purposes under an amendment to CPC § 18.5 is foreclosed by *Velasquez-Rios v. Wilkinson*, 988 F.3d 1081, 1089 (9th Cir. 2021) (holding that "California's amendment to § 18.5 of the [CPC], which retroactively reduces the maximum misdemeanor sentence to 364 days for purposes of state law, cannot be applied retroactively for purposes of § 1227(a)(2)(A)(i)"). Thus, Rodriguez-Guzman's cancellation of removal claim fails.

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**