Carlinda CONTRERAS DE RAMOS, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–72798.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Curtis F. Pierce, Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioner.

CAS–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily Anne Radford, Patricia Ann Smith, Senior Litigation Counsel, Gladys Marta Steffens Guzman, Esquire, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Carlinda Contreras De Ramos, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision finding her removable for having participated in alien smuggling and denying her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 747 (9th Cir.2007), and review de novo questions of law, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

Contreras De Ramos testified that the Record of Sworn Statement accurately reflected her statement to immigration officials that she agreed with her husband to smuggle the undocumented alien into the United States because the alien was a member of their church. Contreras De Ramos also testified that she "tried to bring this lady in." The record therefore does not compel a conclusion contrary to the agency's determination that Contreras De Ramos was removable for alien smuggling. *See Urzua Covarrubias,* 487 F.3d at 748–49 (substantial evidence supported determination that alien participated in another alien's illegal entry into the United States). Contrary to her contention, Contreras De Ramos "provided some form of affirmative assistance to the illegally entering alien." *Altamirano,* 427 F.3d at 592.

We lack jurisdiction to review the agency's denial of cancellation of removal as a matter of discretion. *See Gomez–Lopez v. Ashcroft,* 393 F.3d 882, 884 (9th Cir.2005) (noting 8 U.S.C. § 1252(a)(2)(B) precludes judicial review of discretionary decisions denying cancellation of removal). Contr-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

eras De Ramos' contention that the agency violated her due process rights by disregarding her evidence of positive equities is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.