Jesus ZUNIGA–FLORES, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

Nos. 06–72309, 06–73639.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Jacob M. Weisberg, Esquire, Law Office of Jacob M. Weisberg, Fresno, CA, for Petitioner.

Patrick James Glen, Esquire, OIL, Aviva Poczter, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Jesus Zuniga–Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order finding that he knowingly participated in alien smug-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gling in violation of 8 U.S.C. § 1182(a)(6)(E)(i), as well as an order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and due process claims, for abuse of discretion the denial of a motion to reconsider, and for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review in No. 06–72309, and deny the petition for review in No. 06–73639.

■ Zuniga–Flores' due process rights were not violated by the admission of his Form I–213 (Record of Deportable/Inadmissible Alien) because the form was probative, and its admission was not fundamentally unfair. *See Espinoza v. INS*, 45 F.3d 308, 310–11 (9th Cir.1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair," and rejecting argument that a Form I–213 is inadmissible as hearsay). Moreover, the IJ properly denied Zuniga–Flores' request to cross-examine the preparer of his Form I–213, because Zuniga–Flores did not produce probative evidence that cast doubt on the document's reliability. *Id.*

According to the Form I–213, Zuniga–Flores drove the car to the border and acknowledged to border agents that he knew the alien passenger was undocumented. Zuniga–Flores therefore "provided some form of affirmative assistance to the illegally entering alien." *See Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir.2005).

■ We lack jurisdiction to review the agency's denial of cancellation of removal as a matter of discretion. *See Gomez–*

*Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir.2005) (noting 8 U.S.C. § 1252(a)(2)(B) precludes judicial review of discretionary decisions denying cancellation of removal).

The BIA was within its discretion in denying Zuniga–Flores' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

Zuniga–Flores' remaining contentions are unpersuasive.

**IN 06–72309, PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**IN 06–73639, PETITION FOR REVIEW DENIED.**