**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FERNANDO CRUZ VILLEDA, | No.   16-73718 |
| Petitioner, | Agency No. A200-694-727 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018[**]

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Fernando Cruz Villeda, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen or reconsider and

his motion for administrative closure. Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, and we review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err, abuse its discretion, or violate due process in denying Cruz Villeda's motion to reopen, where the new evidence he sought to introduce confirmed that his period of incarceration statutorily barred him from establishing the good moral character required for cancellation of removal. *See* 8 U.S.C. §§ 1101(f)(7), 1229b(b)(1)(B); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (reopening requires "prima facie case of eligibility" for relief sought); *Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 885-86 (9th Cir. 2005) (incarceration in a California county jail constituted confinement to a penal institution for purposes of 8 U.S.C. § 1101(f)(7)); *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1233 (9th Cir. 2008) (counting pre-trial detention credited against the sentence imposed upon conviction); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Cruz Villeda contends that *Arreguin-Moreno* was wrongly decided, but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011).

The agency did not err or violate due process in treating Cruz Villeda's motion as a request for both reopening and reconsideration, where the motion included contentions that the IJ had committed errors of fact and law. *See* 8 U.S.C. § 1229a(c)(6)(C); *Mohammed*, 400 F.3d at 792.

Construed as a motion to reconsider, the agency did not err, abuse its discretion, or violate due process in denying Cruz Villeda's motion as untimely, where he filed the motion more than 30 days after the final order of removal, and has not established that any statutory or regulatory exception applies. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. §§ 1003.23(b)(1), (b)(4); *Lata*, 204 F.3d at 1246. The agency did not err or abuse its discretion in concluding that equitable tolling of the filing deadline was not warranted, where Cruz Villeda failed to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance of counsel was not plain on the face of the record. *See Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010).

To the extent Cruz Villeda challenges the IJ's July 18, 2014 order, we lack jurisdiction to consider those contentions because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1).

Cruz Villeda establishes no error in the agency's administrative closure determination, where it denied based on the factors applicable at the time of its decision. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 891 (9th Cir. 2018).

The record does not support Cruz Villeda's contentions that the agency ignored evidence or arguments or that it was not neutral. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010); *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007).

In light of this disposition, we do not reach Cruz Villeda's contentions regarding continuous physical presence. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**