**NOT FOR PUBLICATION**

JUN 27 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO REMBERTO IRAHETA, AKA Alfaro Iraheta, AKA Remberto Pablo Iraheta, AKA Pablo Remberto, | No. 11-70000 |
| Petitioner, | Agency No. A095-012-260 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2013[**]
San Francisco, California

Before:    TASHIMA and BYBEE, Circuit Judges, and WOOD, Senior District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

    [***]    The Honorable Kimba M. Wood, Senior United States District Judge for the Southern District of New York, sitting by designation.

Pablo Iraheta, a native of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of various claims for relief from removal. The petition will be denied in part and dismissed in part.

1.     Iraheta first argues that the BIA erroneously barred his asylum claim as untimely. He concedes that his application was filed outside of the one-year period for filing an asylum claim, but he asserts that the time bar should be excused due to extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2). We "may review the agency's application of the changed or extraordinary circumstances exception to undisputed facts." *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011). Iraheta appears to argue that he delayed filing for asylum because he thought – in part due to alleged immigration consultant fraud – that his pending application for Temporary Protected Status ("TPS") would afford him relief more quickly. But, as the BIA recognized, even assuming the TPS application could effectively toll the limitations period, Iraheta filed for TPS after the period had expired. Accordingly, the BIA's time bar ruling was supported by substantial evidence.

2.     The BIA also properly denied Iraheta's application for withholding of removal. That application centered on Iraheta's allegation that he had been persecuted in El Salvador because he resisted efforts to recruit him into the Mara Salvatrucha gang. But in a nearly identical context, we held that "young Honduran

-2-

men who have been recruited by the MS-13, but who refuse to join" do not qualify as a particular social group. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 858 (9th Cir. 2009) (granting deference to *Matter of S-E-G*, 24 I & N Dec. 579 (BIA 2008)).[1] In other words, we have already rejected the theory of persecution that Iraheta presses in this petition.

Nor does the United Nations High Commissioner on Refugees' March 2010 Guidance Note[2] demand a different result. Such statements can have persuasive force, but "[i]f the Attorney General's interpretation is permissible in light of the statute's text, structure and purpose, we must defer under *Chevron* to the Attorney General's interpretation even if it is in tension with the UNHCR Handbook." *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007). Here, the Attorney General's interpretation of "particular social group" is permissible, and thus the

---

[1] Although *Ramos-Lopez* was partially abrogated in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), its central holding remains good law. *See id.* at 1093 (limiting *Ramos-Lopez* only by asserting that "[t]o the extent that . . . *Ramos-Lopez* . . . mischaracterized the 'social visibility' requirement by requiring 'on-sight' visibility, [it is] no longer good law").

[2] *See* United Nations High Comm'r for Refugees, *Guidance Note on Refugee Claims Relating to Victims of Organized Gangs* (March 2010), *available at* http://www.refworld.org/docid/4bb21fa02.html.

Guidance Note cannot save Iraheta's claim. *See Ramos-Lopez*, 563 F.3d at 858-62.[3]

3. The BIA's denial of relief under the Convention Against Torture ("CAT") was supported by substantial evidence. *First*, although past torture can support a claim for CAT relief, 8 C.F.R. § 1208.16(c)(3), the primary evidence of harm in this case was periodic and unspecified beatings during robberies, the pointing of a gun at Iraheta's head, and threats made against Iraheta. These facts, taken as true, do not compel the conclusion that Iraheta is more likely than not to be tortured if he returns to El Salvador. *See, e.g.*, *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1114 (9th Cir. 2011). *Second*, the BIA permissibly concluded that the Salvadoran government would not consent to, or acquiesce in, gang violence against Iraheta. For example, Iraheta himself testified that police officers had come to guard his home after he reported one incident.

4. Iraheta also asserts that the BIA erroneously found him ineligible for voluntary departure. *See* 8 C.F.R. § 1240.26(c). However, because the denial was discretionary, we lack jurisdiction to consider this claimed error. *See Gomez-*

---

[3] Iraheta's claim that he was persecuted based on his political opinion is also foreclosed by *Ramos-Lopez*. *See Ramos-Lopez*, 563 F.3d at 862 (rejecting claim based on political opinion because petitioner "allege[d] no facts in support of a political opinion, actual or imputed, beyond his refusal to join the MS–13").

*Lopez v. Ashcroft*, 393 F.3d 882, 886 (9th Cir. 2005); 8 U.S.C. § 1229c(f).

Although Iraheta frames the IJ and BIA's rulings as refusals to exercise discretion, the record shows that the rulings rested on a discretionary determination that Iraheta lacked the moral character necessary for eligibility for voluntary departure. This claim of error, accordingly, is dismissed.

**PETITION DENIED in part and DISMISSED in part.**