**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES REMBERTO JOVEL-ROMERO; TATIANA ELIZABETH JOVEL-HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  15-73760 <br><br> Agency Nos.  A202-074-430 <br> A202-074-431 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2022**
San Francisco, California

Before:  SILER,*** TASHIMA, and M. SMITH, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Petitioners Andres Remberto Jovel-Romero (Andres) and his daughter, Tatiana Elizabeth Jovel-Hernandez (Tatiana), appeal the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Andres and Tatiana are citizens of El Salvador. In 2014, three gang members came to Andres's family home demanding he give them money. When it became clear he did not have the money, Andres received a note threatening that he and one of his daughters, or his wife, would be murdered. So, Andres sent his wife and one of his daughters to his mother-in-law's house, and he and Tatiana fled to the United States. Andres did not report the threat to law enforcement in El Salvador because he feared an investigation would tip off the gang. When Andres and Tatiana entered the United States, they were placed in removal proceedings for being present without having been admitted or paroled. *See* 8 U.S.C. 1182(a)(6)(A)(i).

Andres and Tatiana filed applications for asylum, withholding of removal, and relief under the CAT. Andres sought asylum and withholding of removal on account of the persecution he suffered allegedly for his political opinion and because he was part of the Salvadorian social group, "young men refusing to participate in gang activities." Tatiana based her claims on her father's claims. The IJ rejected both Andres's and Tatiana's claims. Andres and Tatiana appealed the IJ's order to the

2

BIA, and the BIA dismissed the appeal. Andres and Tatiana petitioned for review. For the following reasons, we **DENY IN PART** and **DISMISS IN PART** the petition.

We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252. We review legal questions de novo and factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). When the BIA conducts a de novo review of the IJ's decision, "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Zumel v. Lynch*, 803 F.3d 463, 471 (9th Cir. 2015) (citation omitted). In reviewing the decision, we may affirm only on grounds relied upon by the agency. *See INS. v. Ventura*, 537 U.S. 12, 16–17 (2002).

Before the BIA, Andres and Tatiana made a general challenge to the IJ's order but throughout their brief only mentioned Andres's claims. And Andres never mentioned his asylum or withholding-of-removal claims based on his political opinion. We therefore dismiss for lack of jurisdiction Tatiana's claims and Andres's political-opinion-based asylum and withholding-of-removal claims. *See Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) ("Although a petitioner need not raise his *precise* argument in administrative proceedings, he cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." (cleaned up)).

As for his other asylum claim, we have frequently rejected Andres's proposed social group. *See, e.g.*, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) ("[T]he group . . . young men in El Salvador resisting gang violence [does not] meet the requirement for particularity. . . . [or] social visibility."); *Ramos-Lopez v. Holder*, 563 F.3d 855, 861 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) ("'[Y]oung men in El Salvador resisting gang violence' do not constitute a social group because [the group is] 'too broad and diverse.'") (citing *Santos-Lemus*, 542 F.3d at 745–46). Andres does not identify any evidence in the record that compels a contrary finding.[1] *Cf. Rivera-Sorto v. Barr*, 813 F. App'x 271, 274 (9th Cir. 2020) (Mem.). He passingly claims the BIA did not consider the 2013 U.S. State Department report on El Salvador, but that contention is unsupported by the record. *See Andrade v. Lynch*, 798 F.3d 1242, 1244 (9th Cir. 2015) (per curiam) ("[F]ailure of the BIA to consider evidence of country conditions constitutes reversible error where the Country Report

---

1. [1] Andres argues we should not extend *Chevron* deference to *Matter of W–G–R–*, 26 I&N Dec. 208, 210 (BIA 2014) and *Matter of M–E–V–G–*, 26 I&N Dec. 227, 228 (BIA 2014)—both of which the BIA relied upon—because the decisions are unreasonable. Since Andres made his argument in 2016, we have held that "the BIA's interpretation in *W–G–R–* and *M–E–V–G–* of the ambiguous phrase 'particular social group,' including the BIA's articulation of the 'particularity' and 'social distinction' requirements is reasonable and entitled to *Chevron* deference." *Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016). We therefore reject this argument.

4

has been submitted as evidence . . . and the BIA does not even mention it."). Andres's asylum and withholding-of-removal claims are therefore denied. *See Ramos-Lopez*, 563 F.3d at 858 ("[T]o be eligible for either form of relief, the persecution feared must be on account of one of the five protected grounds.").

Finally, to qualify for CAT protection, Andres must "establish that it is more likely than not that he . . . would be tortured if removed to" El Salvador. 8 C.F.R. § 1208.16(c)(2). Other than a few references to newspaper articles and El Salvador's country report, Andres has not identified evidence that compels us to find the Salvadorian government would acquiesce in his torture; indeed, he testified he was afraid to report the threat because he believed law enforcement would search for the gang members. *Cf. Iraheta v. Holder*, 532 F. App'x 703, 705 (9th Cir. 2013) (Mem.) ("[T]he BIA permissibly concluded that the Salvadoran government would not consent to, or acquiesce in, gang violence against Iraheta. For example, Iraheta himself testified that police officers had come to guard his home after he reported one incident."). His claim is therefore denied.

The petition is **DENIED IN PART** and **DISMISSED IN PART**.